IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROY ANTHONY PRUITT,  )
 )
    Petitioner,  ) CIVIL ACTION NO.: CV211-132
 )
    v.  )
 )
UNITED STATES OF AMERICA,  ) (Case No.: CR207-67)
 )
    Respondent.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Roy Anthony Pruitt ("Pruitt"), an inmate currently incarcerated at the Federal Correctional Institution – Complex II, in Adelanto, California, filed an action pursuant to 28 U.S.C. § 2255. Respondent filed a Motion to Dismiss. Pruitt filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**, and Pruitt's § 2255 Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Pruitt pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). United States v. Pruitt, CR207-067 (S.D. Ga.). He was sentenced to 78 months' imprisonment. Id. Pruitt appealed his sentence, and the Court of Appeals for the Eleventh Circuit affirmed. United States v. Pruitt, No. 09-10550-JJ (11th Cir. 2009). Pruitt filed a petition for rehearing, which the Eleventh Circuit denied on November 19, 2009. Id.

AO 72A
(Rev. 8/82)

Pruitt executed the instant Motion on August 2, 2011. Pruitt alleges prosecutorial misconduct, ineffective assistance of counsel at his trial and on direct appeal, judicial misconduct, and violation of the criminal court order by the United States Marshals Service and Bureau of Prisons. Pruitt seeks to have his 78-month sentence reduced to a maximum of 47 months. (Doc. No. 1, p. 13). Additionally, he seeks to have his sentence credited for time served beginning in May 2008. Id. Finally, Pruitt asks the Court to remove from the record any findings of a threat of death in connection with the underlying bank robbery conviction. Id. Respondent contends that Pruitt's Motion should be dismissed as untimely.

## DISCUSSION AND CITATION OF AUTHORITY

A § 2255 motion is subject to a one-year period of limitation, which begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which a governmental impediment to making a motion is removed;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactive to cases on collateral review; or

(4) the date on which the facts supporting the claim could have been discovered through due diligence.

28 U.S.C. § 2255(f). "[F]or federal criminal defendants who do not file a petition for certiorari with [the United States Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003). A party may file a petition for writ of certiorari in the Supreme Court within 90 days after entry of the judgment sought to be reviewed or within 90 days of the denial of rehearing, if applicable. SUP. CT. R. 13.1, 13.3.

2

The Eleventh Circuit affirmed Pruitt's sentence on September 9, 2009. Pruitt, No. 09-10550-JJ. Pruitt filed a petition for rehearing, which was denied on November 19, 2009. Id. Pruitt did not file a petition for certiorari with the Supreme Court. Therefore, his conviction became final, under § 2255(f)(1), on February 17, 2010, 90 days after the Eleventh Circuit's denial of rehearing. The one-year period for Pruitt to file a timely § 2255 motion ended on February 16, 2011. Pruitt executed the instant Motion on August 2, 2011 and filed it on August 12, 2011. (Doc. No. 1). He filed this motion almost 6 months after the statutory limitations period ended. Pruitt's § 2255 Motion is timely only if the one-year limitation period was tolled.

The § 2255 one-year limitation period is subject to equitable tolling. Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Id. (internal punctuation and citation omitted). The Eleventh Circuit has held that denial of access to a law library does not constitute extraordinary circumstances. Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007).[1] Additionally, attorney negligence does not justify equitable tolling. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted).[2]

Pruitt argues that the statute of limitations is subject to equitable tolling as to him. Pruitt states that his confinement in a state prison precluded his access to federal law materials, which he needed since he has no knowledge of federal law. He also states

---

[1] Paulcin's petition was filed pursuant to 28 U.S.C. § 2254; therefore, the applicable statute of limitations was 28 U.S.C. § 2244(d). "[C]ases interpreting the equitable tolling of the statute of limitations in 28 U.S.C. § 2244 are equally valid in § 2255 cases." Jones v. United States, 304 F.3d 1035, 1038 n.4 (11th Cir. 2002) (internal punctuation and citation omitted).

[2] The statute of limitations applicable to Steed's petition was 28 U.S.C. § 2244(d).

AO 72A
(Rev. 8/82)

that his lawyer failed to inform him of his rights under § 2255.[3] Pruitt's arguments for equitable tolling are foreclosed by Paulcin and Steed, respectively.

Pruitt's Motion is not subject to equitable tolling, and it is time-barred.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Pruitt's Motion be **DISMISSED** as time-barred.

**SO REPORTED** and **RECOMMENDED**, this 13th day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[3] Pruitt asserts mere negligence on the part of his attorney. He does not assert that his attorney deliberately misled him or engaged in misconduct that would lead to a finding of "extraordinary circumstances" under § 2255. See Downs v. McNeil, 520 F.3d 1311 (11th Cir. 2008), for examples of attorney misconduct that constitute extraordinary circumstances.

4