# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

ROY ANTHONY PRUITT,                )
                                   )
      Petitioner,            )     CIVIL ACTION NO.: CV211-132
                                   )
      v.                     )
                                   )
UNITED STATES OF AMERICA,          )     (Case No.: CR207-67)
                                   )
      Respondent.            )

## ORDER

Roy Anthony Pruitt ("Pruitt") filed Objections to the Magistrate Judge's Report dated October 13, 2011, which recommended that Pruitt's 28 U.S.C. § 2255 Motion be dismissed. In his Objections, Pruitt argues that (1) the Magistrate Judge contradicted his earlier Order, dated June 23, 2011; and (2) the Magistrate Judge inaccurately characterized Pruitt's arguments in favor of equitable tolling of the applicable statute of limitations. Additionally, Pruitt re-asserts the arguments found in his § 2255 Motion. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

The Magistrate Judge's Order dated June 23, 2011, granted Pruitt's motion for leave to file a motion to vacate pursuant to § 2255. The Order entitled Pruitt to nothing more, and clearly stated that the Court would address the timeliness of the § 2255 motion after the motion and response were filed. Pruitt executed such a motion, the §

2255 Motion at issue now, on August 2, 2011.[1]   The Magistrate Judge's Report recommended dismissal of Pruitt's Motion because it is time-barred.   There is no contradiction between the Magistrate Judge's Order dated June 23, 2011, and his Report dated October 13, 2011.

Pruitt asserts that on pages three (3) and four (4) of the Magistrate Judge's Report, the Magistrate Judge inaccurately characterized Pruitt's arguments supporting his § 2255 Motion.  On pages three (3) and four (4) of the Magistrate Judge's Report, the Magistrate Judge referred not to Pruitt's arguments supporting his § 2255 Motion, but to Pruitt's arguments supporting Pruitt's position that the statute of limitations applicable to Pruitt's § 2255 Motion should be equitably tolled.  After reviewing Pruitt's § 2255 Motion in full, and particularly the portion relating to equitable tolling of the statute of limitations (Doc. No. 1, p. 12), the Court agrees with the characterization of Pruitt's arguments found in the Magistrate Judge's Report.  Pruitt asserts that his attorney "failed to inform" him of his rights under § 2255.  Id.  Only after the Magistrate Judge cited Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), for the position that attorney negligence does not justify equitable tolling, did Pruitt argue that his attorney was more than merely negligent.[2]

Since the Magistrate Judge correctly determined that Pruitt's Motion is not entitled to equitable tolling, Pruitt's Motion is time-barred.  The Court need not consider Pruitt's arguments in favor of his § 2255 Motion, which he re-asserted in his Objections.

---

[1] The Court notes that August 2, 2011, is after the expiration of the thirty (30) day period provided by the Magistrate Judge for Pruitt to file his Motion.  Although the Magistrate Judge did not base his recommendation of dismissal on this defect, it provides another reason to dismiss Pruitt's Motion.

[2] In his Motion, Pruitt asserts more than mere negligence on the part of his attorney with respect to his attorney's representation in the underlying criminal trial.  However, Pruitt does not assert more than mere negligence on the part of his attorney with respect to Pruitt's rights under § 2255.

2

AO 72A
(Rev. 8/82)

Pruitt's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Pruitt's 28 U.S.C. § 2255 Motion is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this __1__ day of __November__, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)